IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| STATE AUTO PROPERTY & CASUALTY COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHELIA HENDERSON, ANDREW CALLOWAY, and BRITTANY CALLOWAY, )<br>)<br>)<br>Defendants. ) | CIVIL ACTION NO. 5:11-CV-499 (MTT) |

## ORDER

Before the Court is Plaintiff State Auto Property & Casualty Company's Motion for Default Judgment as to Defendant Shelia Henderson. (Doc. 42). For the following reasons, the Motion is **GRANTED**.

The Petition alleges that on July 31, 2011, Andrew and Brittany Calloway's son, Andrew Calloway, Jr., died while he was in the care of Shelia Henderson's home daycare operation, Sister-n-Sister. Henderson had a homeowner's insurance policy with State Auto at the time of Andrew Jr.'s death. The Calloway Defendants have demanded that State Auto pay its policy limits to settle their tort claims, arising from Andrew Jr.'s death.

On December 20, 2011, State Auto filed the present declaratory judgment action seeking a declaration that Henderson's homeowner's insurance policy does not provide coverage for Andrew Jr.'s death, because Henderson's home daycare operation, Sister-n-Sister, falls into the scope of the policy's exclusion of coverage for injuries arising out

of an insured's business.  (Doc. 1).  State Auto named Shelia Henderson, Andrew Calloway and Brittany Calloway as defendants.  Henderson did not file a timely answer, and on January 24, 2012, the Clerk entered default against her.  (Doc. 10).

At a party's request, and following the Clerk's entry of default, the Court may enter a default judgment against a defendant who has failed to plead or otherwise defend.  See Fed. R. Civ. P. 55;  *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys, Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).  However, default judgment does not follow automatically from an entry of default.  The Court also "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought."  *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007).  *See also Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]  Here, State Auto seeks a judgment declaring that Henderson's homeowner's insurance policy does not provide coverage for claims arising out of Andrew Jr.'s death, because Henderson's home daycare operation, Sister-n-Sister, falls into the scope of the policy's exclusion of coverage for injuries arising out of an insured's business.

In its Petition, State Auto has alleged a sufficient basis for this relief.  State Auto alleges that Henderson's home daycare operation, Sister-n-Sister, is a business as defined by the policy because Sister-n-Sister is Henderson's "trade, occupation, or profession engaged in on a full-time, part-time or occasional basis." (Doc. 34-2 at 14). Because Henderson's home daycare operation falls within the policy's definition of

---

[1] The Eleventh Circuit has adopted as binding all decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

"business," State Auto alleges that any liability arising out of or in connection with Sister-n-Sister falls within Henderson's homeowner's policy's business exclusion. Thus, State Auto alleges it is not obligated to provide Henderson a defense in any liability action arising out of the death of Andrew Jr., nor is it obligated to indemnify Henderson for any judgment obtained against her in a liability action arising out of the death of Andrew Jr. (Doc. 42). Given the facts alleged in State Auto's Petition, State Auto has pleaded allegations that provide a sufficient basis for the relief it seeks against Henderson. Accordingly, default judgment against Henderson is **GRANTED**.

Of course, the Court's findings and conclusions in this Order and the resulting default judgment apply only to Henderson. The Calloway Defendants are not bound by any admissions arising from Henderson's default or this judgment, and this Order is entered without prejudice against them.

**SO ORDERED**, this 5th day of March, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
